## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| ALLSTATE INSURANCE CO., | ) | CASE NO.  1:07CV0574 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION |
| JOANNE C. SMITH, et al., | ) | AND ORDER |
| | ) | |
| | ) | |
| DEFENDANTS. | ) | |

On July 12, 2007, this Court held a hearing on its June 28, 2007 Order (Doc. 16) directing Defendant Amy Nash to show cause why she should not be sanctioned for her failure to appear at the previously-noticed Case Management Conference ("CMC") in the above-captioned case.  All parties appeared through counsel; Ms. Nash, who is an Ohio attorney and a self-represented party, likewise appeared.  This Court took the matter under advisement.  This Court hereby issues this Order as a Reprimand to Ms. Nash.

This action was begun by Allstate Insurance Company as a declaratory judgment action, seeking a declaration of the parties' respective rights and responsibilities with respect to an insurance policy, under which Bryce and Joanne Smith sought defense and indemnification related to a lawsuit filed against them in the Court of Common Pleas for Cuyahoga County, Ohio.  Ms. Nash, as Executor of the Estate of Shane Collins, is the plaintiff in the underlying lawsuit and was named as a party-defendant to the lawsuit in this Court as a result.

Allstate filed its complaint in this action on February 27, 2007; Ms. Nash, representing herself, filed her answer on March 16, 2007. This Court set the CMC in this matter for June 28, 2007 and issued its Case Management Conference Scheduling Order on May 14, 2007, requiring all parties and all counsel of record to attend the CMC. *See* Doc. 12.

Allstate, through its counsel and party representative, appeared for the CMC. The Smiths, through their counsel and Mr. Smith, appeared for the CMC. Ms. Nash did not appear. This Court contacted Ms. Nash by telephone, hoping to salvage the time expended by all other parties and the Court in preparing for the CMC, by allowing her to participate by telephone. Ms. Nash, however, was not amenable to participating by telephone, refusing to discuss the merits of the case and repeatedly disclaiming having any position whatsoever in this matter. Rather than waste the time of the other parties who had attended the CMC, this Court determined to hold a show-cause hearing with counsel only, including Ms. Nash. *See* Doc. 16.

This Court's goal in holding the July 12, 2007 hearing was two-fold: first, to secure the explanation if any of Ms. Nash, a self-represented Ohio attorney, for her conduct; and second, to complete the tasks set by the Court for the CMC.

The Court's primary goal was largely frustrated.

Ms. Nash had no excuse for her conduct, and no explanation beyond the one she had given on the telephone two weeks earlier: she was unaware of the CMC (although she acknowledged receiving notice); she does not practice in federal court or in this area of the law; she assumed that one William Redmond, the attorney representing the Estate in the state litigation, was "handling" the CMC, despite the fact that he had not

answered the complaint or otherwise made an appearance in this matter; and finally, she did not believe she was a necessary party, so she never bothered to note the hearing date.

This Court sought clarification from Ms. Nash that, indeed, she had signed the answer in this case without knowledge or ability to defend herself, she had failed to read court documents served upon her and she personally didn't feel that she was a necessary party and unilaterally determined not to attend the CMC. Ms. Nash admitted all of this. This Court finds that Ms. Nash's conduct is sanctionable.[1]

## *Controlling Law*

The Court's authority to control the conduct of those appearing before it has three primary sources: Rule 11 of the Federal Rules of Civil Procedure; 28 U.S.C. § 1927; and the Court's inherent power to control the cases on its docket.

**Rule 11**

Under Rule 11(b) of the Federal Rules of Civil Procedure, a party or attorney who signs a document presented to the court represents that it is not being advanced for any improper purpose, the position therein is warranted by the law or a good-faith extension, the facts alleged have evidentiary support and the denials of fact are reasonably based. Fed. R. Civ. P. 11. If, after a reasonable opportunity to be heard, the Court determines that subdivision (b) has been violated, sanctions may be imposed. *Id.*

Objective reasonableness is the measure of conduct, under Rule 11 – "a good faith belief in the merits of a case is insufficient to avoid sanctions under Rule 11. If a court concludes that Rule 11 has been violated, it is mandatory that sanctions be

---

[1] Ms. Nash's efforts to thrust the responsibility for her conduct onto Attorney Redmond cannot succeed. Irrespective of what advice he gave her or didn't give her; irrespective of what she thought he was going to do to help her, but didn't; Ms. Nash – and Ms. Nash alone – signed the answer, appearing as counsel of record in this case, and she must take responsibility for her decisions and her actions.

imposed." *Jackim v. City of Brooklyn, et al.*, 1:05CV1678, 2006 U.S. Dist. LEXIS 77574 at *9-*10 (N.D. Ohio Oct. 25, 2006) (citations omitted). In the absence of a motion by the opposing party, however, the Court may not require the violating attorney to pay the costs of the opposing party caused by the violating attorney's conduct. *Id.* *20-*21, *see also* Fed. R. Civ. P. 11(c)(2)(A).

**28 U.S.C. § 1927**

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927.

In discussing attorney fees assessed against an attorney pursuant to § 1927, the Sixth Circuit explained the scope of the district court's discretion:

> [W]e hold that 28 U.S.C. § 1927 authorizes a court to assess fees against an attorney for "unreasonable and vexatious" multiplication of litigation despite the absence of any conscious impropriety. . . . [A]t least when an attorney knows or *reasonably should know* that a claim pursued is frivolous, or *that his or her litigation tactics will needlessly obstruct the litigation of nonfrivolous claims*, a trial court does not err by assessing fees attributable to such actions against the attorney.

*Jones v. The Continental Corp.*, 789 F.2d 1225, 1230 (6th Cir. 1986) (emphasis added). Although the Sixth Circuit reversed the district court's award of fees under the circumstances of *Jones*, the decision reaffirmed the district court's discretion to charge an attorney who acts frivolously with the fees necessitated by his or her conduct. Plainly, monetary sanctions are available under § 1927.

- 4 -

**Inherent Power**

The Supreme Court has confirmed that the court's inherent power is an independent basis for sanctioning bad-faith conduct in litigation. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 49 (1991). The trial court's options, in terms of what kind of sanctions it may impose pursuant to its inherent power, are broad. *Id.* at 50. Its determination to impose sanctions pursuant to its inherent power to control litigation before it is reviewed for abuse of discretion.

*This Case*

Ms. Nash's conduct plainly is deserving of sanction, under controlling law. Identifying the proper sanction requires careful thought.

In considering available sanctions, this Court is aware that Rule 11 of the Federal Rules of Civil Procedure does not permit a court *sua sponte* to require the sanctioned attorney or party to reimburse the expenses of opposing parties' participation in court proceedings. *See Jackim*, 2006 U.S. Dist. LEXIS 77574 at *9-*10. Because opposing counsel in this matter courteously declined to charge the cost of their attendance at the June 28, 2007 CMC to Ms. Nash, this Court will not impose those costs on her. *See* Fed. R. Civ. P. 11(c)(2)(A).

Further, this Court is mindful (even if Ms. Nash apparently is not) that she is before the Court not in her private capacity, but rather as a representative. Ms. Nash was named in this case in her capacity as the executor of the estate of a child who died in foster care, because she had filed a civil suit based on that death against numerous agencies and persons, including Allstate's insureds, the Smiths. This Court arguably could impose monetary sanctions on Ms. Nash in either capacity – as a representative party-defendant or as an attorney. To impose monetary sanctions on Ms. Nash as

executor for the estate on the basis of Ms. Nash's conduct, however, would simply shift the burden for her misconduct from the other parties to the estate – innocents, all.  To impose monetary sanctions on Ms. Nash personally for her misconduct might be instructive to her, but ultimately does not strike this Court as likely to produce improved behavior in the future.

It was entirely improper for Ms. Nash – who has admitted and even offered as an excuse the fact that she does not practice insurance law – to file the executor's answer to Allstate's complaint on her own without fully investigating the propriety of the positions taken in that answer.  It was equally improper for Ms. Nash, acting as executor to an impoverished estate, to exercise her admittedly uninformed judgment to determine that she was not a necessary party and decide not to attend the CMC, in violation of this Court's order.  Ms. Nash hereby is strongly encouraged to seek the guidance of a more experienced practitioner than herself to help represent the estate in this litigation.

Ms. Nash's conduct gives rise, under the law and the circumstances of this case, to a different kind of sanction.  It is within this Court's inherent power to reprimand Ms. Nash, in lieu of imposing monetary sanctions for her failure to properly carry out her responsibilities in this Court.

This Court expects Ms. Nash and others in her position to read, understand and follow this Court's orders, particularly as they relate to appearance and attendance at court-mandated conferences.  Following notice, this Court gave Ms. Nash the opportunity to be heard on this point, and Ms. Nash failed to articulate any legitimate basis for her failure to meet the Court's expectations.  Failing monetary sanctions, which already have

been determined inappropriate in this situation, the appropriate sanction in this case is a public reprimand, which is contained within this Memorandum Opinion and Order. *See Miller v. Norfolk Southern Rwy. Co.*, 208 F. Supp. 2d 851, 854 (N.D. Ohio 2002) (imposing public reprimand for filing and failing to withdraw patently meritless motion for reconsideration).

The Court trusts that Ms. Nash now understands that: she may not sign, file and serve a pleading in this Court without a proper understanding of its import; she must read the orders of this Court and comply with their terms; and she must either understand and act properly to advance the legal positions enunciated in her pleadings, or obtain the services of a licensed attorney who can do these things for her. These requirements are the bare minimum for an attorney appearing in this Court, irrespective of role, primary area of practice or natural inclination.

## *Conclusion*

Ms. Nash hereby is reprimanded, through the filing of this Memorandum Opinion and Order on the Docket of this case.

**IT IS SO ORDERED**.

Dated: August 2, 2007    *s/ Sara Lioi*
         **HONORABLE SARA LIOI**
         **UNITED STATES DISTRICT JUDGE**